# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2010

Lyle W. Cayce
Clerk

No. 09-40841
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERMAN SANCHEZ-VALLE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-318-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

German Sanchez-Valle pleaded guilty to illegal reentry following deportation, in violation of 18 U.S.C. § 1326(a) and (b), and he was sentenced to 33 months in prison.  He challenges the district court's increase in his term of imprisonment based on its determination that his Texas conviction for possession of cocaine constituted an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40841

Under *Lopez v. Gonzales,* 549 U.S. 47, 54-60 (2006), the district court committed plain error. *See United States v. John*, 597 F.3d 263, 284-85 (5th Cir. 2010). The Government concedes as much. Because Sanchez-Valle has shown that there is a reasonable probability that he would have received a lesser sentence if not for misapplication of the guidelines, the plain error affected his substantial rights and seriously affected the fairness of the proceeding. *See United States v. Garcia-Quintanilla*, 574 F.3d 295, 303-04; *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). Accordingly, we vacate the sentence and remand for resentencing. We express no opinion on what sentence the district court should impose on remand.

SENTENCE VACATED; CASE REMANDED.